**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | SANDRA JONES |
| | First Name    Middle Name    Last Name |
| Debtor 2 | DARIAN JONES |
| (Spouse, if filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | NORTHERN    District of   MS (State) |
| Case number (if known) | 17-10337 |

## Official Form 427
# Cover Sheet for Reaffirmation Agreement

12/15

Anyone who is a party to a reaffirmation agreement may fill out and file this form. Fill it out completely, attach it to the reaffirmation agreement, and file the documents within the time set under Bankruptcy Rule 4008.

| **Part 1:** | **Explain the Repayment Terms of the Reaffirmation Agreement** |
|---|---|

**1. Who is the creditor?**   BANK OF HOLLY SPRINGS
Name of the creditor

**2. How much is the debt?**

On the date that the bankruptcy case is filed  $ 56,930.70

To be paid under the reaffirmation agreement  $ 56,930.70

$ 769.00 per month for 153 months (if fixed interest rate)

**3. What is the Annual Percentage Rate (APR) of interest? (See Bankruptcy Code § 524(k)(3)(E).)**

Before the bankruptcy case was filed  8.80 %

Under the reaffirmation agreement  8.80 %   ☒ Fixed rate   ☐ Adjustable rate

**4. Does collateral secure the debt?**

☐ No
☒ Yes.   Describe the collateral.   HOUSE & LOT

Current market value  $ _____

**5. Does the creditor assert that the debt is nondischargeable?**

☒ No
☐ Yes.   Attach an explanation of the nature of the debt and the basis for contending that the debt is nondischargeable.

**6. Using information from *Schedule I: Your Income* (Official Form 106I) and *Schedule J: Your Expenses* (Official Form 106J), fill in the amounts.**

| Income and expenses reported on Schedules I and J | Income and expenses stated on the reaffirmation agreement |
|---|---|
| 6a. Combined monthly income from line 12 of Schedule I  $ 2154.57 | 6e. Monthly income from all sources after payroll deductions  $ 2154.57 |
| 6b. Monthly expenses from line 22c of Schedule J  − $ 2150.00 | 6f. Monthly expenses  − $ 2150.00 |
| 6c. Monthly payments on all reaffirmed debts not listed on Schedule J  − $ 0 | 6g. Monthly payments on all reaffirmed debts not included in monthly expenses  − $ 0 |
| 6d. Scheduled net monthly income  $ 4.57 | 6h. Present net monthly income  $ 4.57 |
| Subtract lines 6b and 6c from 6a. If the total is less than 0, put the number in brackets. | Subtract lines 6f and 6g from 6e. If the total is less than 0, put the number in brackets. |

Debtor 1 __SANDRA JONES__

First Name  Middle Name  Last Name

Case number (if known) 17- 10337

| | | |
|---|---|---|
| 7. Are the income amounts on lines 6a and 6e different? | ☑ No ☐ Yes. | Explain why they are different and complete line 10._____ |
| 8. Are the expense amounts on lines 6b and 6f different? | ☑ No ☐ Yes. | Explain why they are different and complete line 10._____ |
| 9. Is the net monthly income in line 6h less than 0? | ☑ No ☐ Yes. | A presumption of hardship arises (unless the creditor is a credit union). Explain how the debtor will make monthly payments on the reaffirmed debt and pay other living expenses. Complete line 10. |

**10. Debtor's certification about lines 7-9**

If any answer on lines 7-9 is Yes, the debtor must sign here.

If all the answers on lines 7-9 are No, go to line 11.

I certify that each explanation on lines 7-9 is true and correct.

x _____
Signature of Debtor 1

x _____
Signature of Debtor 2 (Spouse Only in a Joint Case)

**11. Did an attorney represent the debtor in negotiating the reaffirmation agreement?**

☐ No
☑ Yes. Has the attorney executed a declaration or an affidavit to support the reaffirmation agreement?

☐ No
☑ Yes

---

## Part 2: Sign Here

Whoever fills out this form must sign here.

I certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this *Cover Sheet for Reaffirmation Agreement.*

x _Elizabeth Carlisle for Bank of Holly Springs_
Signature

Date 03/27/17
MM / DD / YYYY

_Elizabeth Carlisle for Bank of Holly Springs_
Printed Name

Check one:

☐ Debtor or Debtor's Attorney
☑ Creditor or Creditor's Attorney

---

Official Form 427

**Cover Sheet for Reaffirmation Agreement**

page 2

Check one.
☐ Presumption of Undue Hardship
☒ No Presumption of Undue Hardship
*See Debtor's Statement in Support of*
*Reaffirmation, Part II below, to determine*
*which box to check.*

# UNITED STATES BANKRUPTCY COURT

NORTHERN _____ **District of** MISSISSIPPI _____

In re  SANDRA JONES & DARIAN JONES _____ ,          Case No. ___17-10337___
                    *Debtor*

                                         Chapter ___7___

## REAFFIRMATION DOCUMENTS

**Name of Creditor:**  BANK OF HOLLY SPRINGS _____

☐ Check this box if Creditor is a Credit Union

## I. REAFFIRMATION AGREEMENT

**Reaffirming a debt is a serious financial decision. Before entering into this Reaffirmation Agreement, you must review the important disclosures, instructions, and definitions found in Part V of this Reaffirmation Documents packet.**

1. Brief description of the original agreement being reaffirmed:  HOME LOAN _____

                                          *For example, auto loan*

2. ***AMOUNT REAFFIRMED***:    $ 56,930.70 _____

> The Amount Reaffirmed is the entire amount that you are agreeing to pay. This may include unpaid principal, interest, and fees and costs (if any) arising on or before the date you sign this Reaffirmation Agreement.
>
> *See the definition of "Amount Reaffirmed" in Part V.C below.*

3. The ***ANNUAL PERCENTAGE RATE*** applicable to the Amount Reaffirmed is 8.80 ___%.

> *See definition of "Annual Percentage Rate" in Part V.C below.*

> This is a *(check one)*  ☒ Fixed rate          ☐ Variable rate

If the loan has a variable rate, the future interest rate may increase or decrease from the Annual Percentage Rate disclosed here.

B2400A (Form 2400A) (12/15)                                                    Page 2

4. Reaffirmation Agreement Repayment Terms:

    ☒ If fixed term, $ 769.00 per month for 153 months starting on 1/31/17 .

    ❑ If not fixed term, describe repayment terms: _____.

5. Describe the collateral, if any, securing the debt:

    Description:        HOUSE & LOT
    Current Market Value        $_____

6. Did the debt that is being reaffirming arise from the purchase of the collateral described above?

    ❑ Yes      ☒ No

    If yes, what was the purchase price for the collateral?    $_____
    If no, what was the amount of the original loan?    $ 60,609.05

7. Detail the changes made by this Reaffirmation Agreement to the most recent credit terms on the reaffirmed debt and any related agreement:

|  | Terms as of the Date of Bankruptcy | Terms After Reaffirmation |
|---|---|---|
| Balance due *(including fees and costs)* | $ 56,930.70 | $ 56,930.70 |
| Annual Percentage Rate | 8.80 % | 8.80 % |
| Monthly Payment | $ 769.00 | $769.00 |

8. ❑ Check this box if the creditor is agreeing to provide you with additional future credit in connection with this Reaffirmation Agreement. Describe the credit limit, the Annual Percentage Rate that applies to future credit and any other terms on future purchases and advances using such credit: _____

_____

## II. DEBTOR'S STATEMENT IN SUPPORT
## OF REAFFIRMATION AGREEMENT

1. Were you represented by an attorney during the course of negotiating this agreement?

    Check one.    ☒ Yes    ❑ No

2. Is the creditor a credit union?

    Check one.    ❑ Yes    ☒ No

B2400A (Form 2400A) (12/15)

Page 3

3. If your answer to EITHER question 1. or 2. above is "No" complete a. and b. below.

   a.. My present monthly income and expenses are:

       i. Monthly income from all sources after payroll deductions
      (take-home pay plus any other income)        $ _2154.57_

       ii. Monthly expenses (including all reaffirmed debts except
      this one)        $ _1381.00_

       iii. Amount available to pay this reaffirmed debt (subtract ii. from i.)    $ _773.57_

       iv. Amount of monthly payment required for this reaffirmed debt    $ _769.00_

*If the monthly payment on this reaffirmed debt (line iv.) **is greater than** the amount you have available to pay this reaffirmed debt (line iii.), you must check the box at the top of page one that says "Presumption of Undue Hardship." Otherwise, you must check the box at the top of page one that says "No Presumption of Undue Hardship."*

   b. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or on me because:

      Check one of the two statements below, if applicable:

      ☒ I can afford to make the payments on the reaffirmed debt because my monthly income is greater than my monthly expenses even after I include in my expenses the monthly payments on all debts I am reaffirming, including this one.

      ☐ I can afford to make the payments on the reaffirmed debt even though my monthly income is less than my monthly expenses after I include in my expenses the monthly payments on all debts I am reaffirming, including this one, because: _____

_____

      Use an additional page if needed for a full explanation.

4. If your answers to BOTH questions 1. and 2. above were "Yes," check the following statement, if applicable:

      ☒ I believe this reaffirmation agreement is in my financial interest and I can afford to make the payments on the reaffirmed debt.

*Also, check the box at the top of page one that says "No Presumption of Undue Hardship."*

B2400A (Form 2400A) (12/15)                                                                    Page 4

## III. CERTIFICATION BY DEBTOR(S) AND SIGNATURES OF PARTIES

I (We) hereby certify that:

  i. I (We) agree to reaffirm the debt described above.

  ii. Before signing this reaffirmation agreement, I (we) read the terms disclosed in this Reaffirmation Agreement (Part I) and the Disclosure Statement, Instructions and Definitions included in Part V below;

  iii. The Debtor's Statement in Support of Reaffirmation Agreement (Part II above) is true and complete;

  iv. I am (We are) entering into this agreement voluntarily and fully informed of my (our) rights and responsibilities; and

  v. I (We) have received a copy of this completed and signed Reaffirmation Documents packet.

SIGNATURE(S):

Date  3/2/17            Signature _____
                                                           Debtor

Date  3/2/17            Signature _____
                                            Joint Debtor, if any

If a joint reaffirmation agreement, both debtors must sign.

## Reaffirmation Agreement Terms Accepted by Creditor:

Creditor   BANK OF HOLLY SPRINGS                    PO BOX 250, HOLLY SPRINGS, MS 38635
                        *Print Name*                                           *Address*

           ELIZABETH CARLISLE
                *Print Name of Representative*            _____  03/27/17
                                                                        *Signature*                *Date*

## IV. CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY)

*To be filed only if the attorney represented the debtor during the course of negotiating this agreement.*

I hereby certify that: (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

❐ A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

*Check box, if the presumption of undue hardship box is checked on page 1 and the creditor is not a Credit Union.*

Date  3/2/17     Signature of Debtor's Attorney _____

                     Print Name of Debtor's Attorney   Karen B. Schneller

# V. DISCLOSURE STATEMENT AND INSTRUCTIONS TO DEBTOR(S)

**Before agreeing to reaffirm a debt, review the terms disclosed in the Reaffirmation Agreement (Part I) and these additional important disclosures and instructions.**

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps, detailed in Part B below, are not completed, the reaffirmation agreement is not effective, even though you have signed it.

## A.    DISCLOSURE STATEMENT

1.    **What are your obligations if you reaffirm a debt?**  A reaffirmed debt remains your personal legal obligation. Your reaffirmed debt is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Your obligations will be determined by the reaffirmation agreement, which may have changed the terms of the original agreement. If you are reaffirming an open end credit agreement, that agreement or applicable law may permit the creditor to change the terms of that agreement in the future under certain conditions.

2.    **Are you required to enter into a reaffirmation agreement by any law?**  No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments that you agree to make.

3.    **What if your creditor has a security interest or lien?**  Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage, or security deed. The property subject to a lien is often referred to as collateral. Even if you do not reaffirm and your personal liability on the debt is discharged, your creditor may still have a right under the lien to take the collateral if you do not pay or default on the debt. If the collateral is personal property that is exempt or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the collateral, as the parties agree or the court determines.

4.    **How soon do you need to enter into and file a reaffirmation agreement?**  If you decide to enter into a reaffirmation agreement, you must do so before you receive your discharge. After you have entered into a reaffirmation agreement and all parts of this Reaffirmation Documents packet requiring signature have been signed, either you or the creditor should file it as soon as possible. The signed agreement must be filed with the court no later than 60 days after the first date set for the meeting of creditors, so that the court will have time to schedule a hearing to approve the agreement if approval is required.

5.    **Can you cancel the agreement?**  You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters your discharge, or during the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled). Remember that you can rescind the agreement, even if the court approves it, as long as you rescind within the time allowed.

6. **When will this reaffirmation agreement be effective?**

   a. **If you *were represented* by an attorney during the negotiation of your reaffirmation agreement**

      i. **if the creditor is not a Credit Union**, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship in which case the agreement becomes effective only after the court approves it;

      ii. **if the creditor is a Credit Union**, your reaffirmation agreement becomes effective when it is filed with the court.

   b. **If you *were not represented* by an attorney during the negotiation of your reaffirmation agreement**, the reaffirmation agreement will not be effective unless the court approves it. To have the court approve your agreement, you must file a motion. See Instruction 5, below. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing, at which time the judge will review your reaffirmation agreement. If the judge decides that the reaffirmation agreement is in your best interest, the agreement will be approved and will become effective. However, if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home, you do not need to file a motion or get court approval of your reaffirmation agreement.

7. **What if you have questions about what a creditor can do?** If you have questions about reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement. If you do not have an attorney helping you, you may ask the judge to explain the effect of this agreement to you at the hearing to approve the reaffirmation agreement. When this disclosure refers to what a creditor "may" do, it is not giving any creditor permission to do anything. The word "may" is used to tell you what might occur if the law permits the creditor to take the action.

**B.    INSTRUCTIONS**

1. Review these Disclosures and carefully consider the decision to reaffirm. If you want to reaffirm, review and complete the information contained in the Reaffirmation Agreement (Part I above). If your case is a joint case, both spouses must sign the agreement if both are reaffirming the debt.

2. Complete the Debtor's Statement in Support of Reaffirmation Agreement (Part II above). Be sure that you can afford to make the payments that you are agreeing to make and that you have received a copy of the Disclosure Statement and a completed and signed Reaffirmation Agreement.

3. If you were represented by an attorney during the negotiation of your Reaffirmation Agreement, your attorney must sign and date the Certification By Debtor's Attorney section (Part IV above).

4. You or your creditor must file with the court the original of this Reaffirmation Documents packet and a completed Reaffirmation Agreement Cover Sheet (Official Bankruptcy Form 427).

5. *If you are not represented by an attorney, you must also complete and file with the court a separate document entitled "Motion for Court Approval of Reaffirmation Agreement unless your reaffirmation agreement is for a consumer debt secured by a lien on your real property, such as your home.* You can use Form B2400B to do this.

## C.    DEFINITIONS

1. **"Amount Reaffirmed"** means the total amount of debt that you are agreeing to pay (reaffirm) by entering into this agreement. The amount of debt includes any unpaid fees and costs arising on or before the date you sign this agreement that you are agreeing to pay. Your credit agreement may obligate you to pay additional amounts that arise after the date you sign this agreement. You should consult your credit agreement to determine whether you are obligated to pay additional amounts that may arise after the date of this agreement.

2. **"Annual Percentage Rate"** means the interest rate on a loan expressed under the rules required by federal law. The annual percentage Rate (as opposed to the "stated interest rate") tells you the full cost of your credit including many of the creditor's fees and charges. You will find the annual percentage rate for your original agreement on the disclosure statement that was given to you when the loan papers were signed or on the monthly statements sent to you for an open end credit account such as a credit card.

3. **"Credit Union"** means a financial institution as defined in 12 U.S.C. § 461(b)(1)(A)(iv). It is owned and controlled by and provides financial services to its members and typically uses words like "Credit Union" or initials like "C.U." or "F.C.U." in its name.

*0955*

# PROMISSORY NOTE

| Principal $60,609 05 | Loan Date 08-27-2014 | Maturity 08-27-2029 | Loan No | Call / Coll 1320 | Account | Officer 114 | Initials |
|---|---|---|---|---|---|---|---|

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item
Any item above containing " * * * * " has been omitted due to text length limitations

| Borrower | Darlan Jones | Lender | BANK OF HOLLY SPRINGS |
|---|---|---|---|
| | Sandra K Jones | | South Branch |
| | 316 Rancher Drive | | 970 HWY 7 SOUTH |
| | Holly Springs MS 38635 | | P O Box 250 |
| | | | Holly Springs, MS 38635 |
| | | | (662) 252-2511 |

| Principal Amount $60,609 05 | Initial Rate 8 800% | Date of Note August 27, 2014 |
|---|---|---|

**PROMISE TO PAY** I ("Borrower") jointly and severally promise to pay to BANK OF HOLLY SPRINGS ("Lender"), or order, in lawful money of the United States of America, the principal amount of Sixty Thousand Six Hundred Nine & 05/100 Dollars ($60,609 05) together with interest on the unpaid principal balance from August 27, 2014, until paid in full

**PAYMENT** Subject to any payment changes resulting from changes in the Index, I will pay this loan in 180 payments of $607 80 each payment My first payment is due September 27, 2014, and all subsequent payments are due on the same day of each month after that My final payment will be due on August 27, 2029, and will be for all principal and all accrued interest not yet paid Payments include principal and interest Unless otherwise agreed or required by applicable law payments will be applied first to any accrued unpaid interest, then to principal, then to any unpaid collection costs, and then to any late charges I will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing

**VARIABLE INTEREST RATE** The interest rate on this Note is subject to change from time to time based on changes in an independent index which is the Highest Prime Rate Published in Wall Street Journal (the "Index") The Index is not necessarily the lowest rate charged by Lender on its loans If the Index becomes unavailable during the term of this loan, Lender may designate a substitute index after notifying me Lender will tell me the current Index rate upon my request The interest rate change will not occur more often than each 2 years on the anniversary date I understand that Lender may make loans based on other rates as well The Index currently is 3 250% per annum Interest on the unpaid principal balance of this Note will be calculated as described in the "INTEREST CALCULATION METHOD" paragraph using a rate of 2 500 percentage points over the Index, adjusted if necessary for any minimum and maximum rate limitations described below, resulting in an initial rate of 8 800% per annum NOTICE Under no circumstances will the interest rate on this Note be less than 8 800% per annum or more than the lesser of 12 500% per annum or the maximum rate allowed by applicable law Unless waived by Lender, any increase in the interest rate will increase the amounts of my payments

**INTEREST CALCULATION METHOD** Interest on this Note is computed on a 365/365 simple interest basis that is by applying the ratio of the interest rate over the number of days in a year, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding All interest payable under this Note is computed using this method

**PREPAYMENT** I agree that all loan fees and other prepaid finance charges are earned fully as of the date of the loan and will not be refunded to me upon early payment (whether voluntary or as a result of default), except as otherwise required by law Except for the foregoing, I may pay without penalty all or a portion of the amount owed earlier than it is due Early payments will not, unless agreed to by Lender in writing, relieve me of my obligation to continue to make payments under the payment schedule Rather, early payments will reduce the principal balance due and may result in my making fewer payments I agree not to send Lender payments marked "paid in full", "without recourse", or similar language If I send such a payment, Lender may accept it without losing any of Lender's rights under this Note, and I will remain obligated to pay any further amount owed to Lender All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to BANK OF HOLLY SPRINGS South Branch, 970 HWY 7 SOUTH P O Box 250, Holly Springs MS 38635

**LATE CHARGE** If a payment is 16 days or more late, I will be charged 4 000% of the unpaid portion of the regularly scheduled payment or $5 00, whichever is greater

**INTEREST AFTER DEFAULT** Upon maturity, whether scheduled or accelerated by Lender because of my default, the total sum due under this Note will continue to accrue interest at the interest rate under this Note However, in no event will the interest rate exceed the maximum interest rate limitations under applicable law

**DEFAULT** I will be in default if any of the following happen (A) Fraud or Material Misrepresentation I commit fraud or make a material misrepresentation in connection with my loan (B) Payment Default I fail to meet the repayment terms of this Note for any outstanding balance (C) Other Defaults My act or failure to act adversely affects Lender's security for the loan, or any right of Lender's in such security

Cure Provisions If any default, other than a default in payment is curable and if I have not been given a notice of a breach of the same provision of this Note within the preceding twelve (12) months, it may be cured if I, after Lender sends written notice to me demanding cure of such default (1) cure the default within fifteen (15) days, or (2) if the cure requires more than fifteen (15) days, immediately initiate steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continue and complete all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical

**LENDER'S RIGHTS** Upon default, Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due, and then I will pay that amount

**ATTORNEYS' FEES, EXPENSES** Lender may hire or pay someone else to help collect this Note if I do not pay I will pay Lender that amount This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees, expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals If not prohibited by applicable law, I also will pay any court costs, in addition to all other sums provided by law

**GOVERNING LAW** This Note will be governed by federal law applicable to Lender and to the extent not preempted by federal law, the laws of the State of Mississippi without regard to its conflicts of law provisions This Note has been accepted by Lender in the State of Mississippi

**CHOICE OF VENUE** If there is a lawsuit, I agree upon Lender's request to submit to the jurisdiction of the courts of Marshall County, State of Mississippi

**RIGHT OF SETOFF** To the extent permitted by applicable law, Lender reserves a right of setoff in all my accounts with Lender (whether checking, savings, or some other account) This includes all accounts I hold jointly with someone else and all accounts I may open in the future However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law I authorize Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the indebtedness against any and all such accounts, and, at Lender's option, to administratively freeze all such accounts to allow Lender to protect Lender's charge and setoff rights provided in this paragraph

**COLLATERAL** I acknowledge this Note is secured by HOUSE AND LOT NO 20 OF THE SECOND ADDITION TO RENCHER SUBD BEING A PART OF ORIGINAL LOT NO 81 ACCORDING TO THE PLAN OF THE CITY OF HOLLY SPRINGS, SITUATED IN SEC 31, T3S, R2W, MARSHALL CO , MS

**SUCCESSOR INTERESTS** The terms of this Note shall be binding upon me, and upon my heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns

**NOTIFY US OF INACCURATE INFORMATION WE REPORT TO CONSUMER REPORTING AGENCIES** I may notify Lender if Lender reports any inaccurate information about my account(s) to a consumer reporting agency My written notice describing the specific inaccuracy(ies) should be sent to Lender at the following address BANK OF HOLLY SPRINGS 970 Highway 7 South Holly Springs, MS 38635

**GENERAL PROVISIONS** If any part of this Note cannot be enforced, this fact will not affect the rest of the Note Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them I and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, and notice of dishonor Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or

Loan No █████████

**PROMISSORY NOTE**
**(Continued)**

Page 2

endorser, shall be released from liability  All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral, or impair, fail to realize upon or perfect Lender's security interest in the collateral  All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made  The obligations under this Note are joint and several  This means that the words  I", "me", and "my  mean each and all of the persons signing below

PRIOR TO SIGNING THIS NOTE  I, AND EACH OF US, READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE, INCLUDING THE VARIABLE INTEREST RATE PROVISIONS AND THE NOTICE TO COSIGNER SET FORTH BELOW  I, AND EACH OF US, AGREE TO THE TERMS OF THE NOTE

I ACKNOWLEDGE RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE

BORROWER

X _Darian Jones_____          X _____
Darian Jones                                               Sandra K  Jones

---

**NOTICE TO COSIGNER**

You are being asked to guarantee this debt  Think carefully before you do  If the borrower doesn't pay the debt  you will have to  Be sure you can afford to pay if you have to, and that you want to accept this responsibility

You may have to pay up to the full amount of the debt if the borrower does not pay  You may also have to pay late fees or collection costs, which increase this amount

The Lender can collect this debt from you without first trying to collect from the borrower  The Lender can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc  If this debt is ever in default  that fact may become a part of YOUR credit record

This notice is not the contract that makes you liable for the debt

---

**Originator Names and Nationwide Mortgage Licensing System and Registry IDs**

Organization  BANK OF HOLLY SPRINGS          NMLSR ID  764495

Individual  LEXINE SMITH          NMLSR ID  806240

LaserPro  Ver  14 3 0 016  Copr  D  H USA Corporation 1997  2014   All Rights Reserved    MS  C \HFS\CFI\PL\D20 FC  TR 400 \5512  PR 54

STATE OF MS
COUNTY OF MARSHALL
~FILED & RECORDED~

2014 SEP -3 PM 12: 57

INSTRUMENT#

CW OLE OF THOMAS
CHANCERY CLERK



**Instrument 2014003799**
Filed/Recorded 09/03/2014 12 57 P
11 Pages Recorded
Chuck Thomas, Chancery Clerk
Marshall County Mississippi



*0340*

WHEN RECORDED MAIL TO  BANK OF HOLLY SPRINGS, South Branch, 970 HWY 7 SOUTH, P O
Box 250, Holly Springs , MS 38635, Tel (662) 252-2511

SEND TAX NOTICES TO  BANK OF HOLLY SPRINGS, South Branch, 970 HWY 7 SOUTH, P O Box
250, Holly Springs , MS 38635, Tel (662) 252-2511

This Deed of Trust prepared by  S D C , MTG LOAN PROCESSOR, BANK OF HOLLY SPRINGS, 970
HWY 7 SOUTH, Holly Springs , MS 38635, (662) 252-2511

INDEXING INSTRUCTIONS  HOUSE AND LOT NO  20 OF THE SECOND ADDITION TO RENCHER
SUBD  BEING A PART OF ORIGINAL LOT NO  81 ACCORDING TO THE PLAN OF THE CITY OF HOLLY
SPRINGS, SITUATED IN SEC 31, T3S, R2W, MARSHALL CO , MS

_____          **FOR RECORDER'S USE ONLY**

### DEED OF TRUST

GRANTOR  Darian Jones, 316 Rancher Drive, Holly Springs, MS 38635, Tel (662) 544-9868, and
Sandra K  Jones, 316 Rencher Dr , Holly Springs, MS 38635, Tel (662) 544-7534

LENDER / BENEFICIARY  BANK OF HOLLY SPRINGS, South Branch, 970 HWY 7 SOUTH, P O  Box
250, Holly Springs , MS 38635, Tel (662) 252-2511

TRUSTEE  William F Schneller, 126 N  Spring Street, Holly Springs, MS  38635, Tel  (662) 252-3224

_____

THIS DEED OF TRUST is dated August 27, 2014, among Darian Jones, whose address is 316 Rancher
Drive, Holly Springs, MS  38635 and Sandra K  Jones, whose address is 316 Rencher Dr , Holly
Springs, MS  38635 ("Grantor"), BANK OF HOLLY SPRINGS (referred to below sometimes as "Lender"
and sometimes as "Beneficiary"), and William F  Schneller (referred to below as "Trustee")

CONVEYANCE AND GRANT  For valuable consideration, Grantor conveys to Trustee for the benefit of
Lender as Beneficiary, with power of sale, all of Grantor's right, title, and interest in and to the
following described real property, together with all existing or subsequently erected or affixed buildings,
improvements and fixtures, all easements, rights of way, and appurtenances, all water, water rights
and ditch rights (including stock in utilities with ditch or irrigation rights), and all other rights, royalties,
and profits relating to the real property, including without limitation all minerals, oil, gas, geothermal
and similar matters, (the "Real Property") located in MARSHALL County, State of Mississippi

LOT NO  20 OF THE SECOND ADDITION TO RENCHER SUBDIVISION BEING A PART OF ORIGINAL
LOT NO  81 ACCORDING TO THE PLAN OF THE CITY OF HOLLY SPRINGS, MARSHALL COUNTY,
MISSISSIPPI, AND BEING SITUATE IN SECTION 31, TOWNSHIP 3 SOUTH, RANGE 2 WEST, ALL
ACCORDING TO THE PLAT RECORDED IN PLAT BOOK 12, AT PAGE ' 108 IN THE OFFICE OF THE
CHANCERY CLERK OF MARSHALL COUNTY, MISSISSIPPI

TOGETHER WITH ALL BUILDINGS, HEREDITAMENTS, AND APPURTENANCES THEREUNTO
BELONGING

SOURCE DEED  THIS IS THE SAME LAND AND PROPERTY AS CONVEYED TO DARIAN L  JONES
BY SPECIAL WARRANTY DEED DATED NOVEMBER 21, 2005, AND EXECUTED BY WASHINGTON
MUTUAL BANK, F A , IN LAND DEED BOOK NO  361, PAGE 371, IN THE OFFICE OF THE
CHANCERY CLERK OF MARSHALL COUNTY, MISSISSIPPI

The Real Property or its address is commonly known as  316 RENCHER DR., HOLLY SPRINGS, MS
38635

**DEED OF TRUST**
**(Continued)**                                                                    Page 2

**CROSS-COLLATERALIZATION** In addition to the Note, this Deed of Trust secures all obligations, debts and liabilities, plus interest thereon, of Grantor to Lender, or any one or more of them, as well as all claims by Lender against Grantor or any one or more of them, whether now existing or hereafter arising, whether related or unrelated to the purpose of the Note, whether voluntary or otherwise, whether due or not due, direct or indirect, determined or undetermined, absolute or contingent, liquidated or unliquidated, whether Grantor may be liable individually or jointly with others, whether obligated as guarantor, surety, accommodation party or otherwise, and whether recovery upon such amounts may be or hereafter may become barred by any statute of limitations, and whether the obligation to repay such amounts may be or hereafter may become otherwise unenforceable  If the Lender is required to give notice of the right to cancel under Truth in Lending in connection with any additional loans, extensions of credit and other liabilities or obligations of Grantor to Lender, then this Deed of Trust shall not secure additional loans or obligations unless and until such notice is given

**FUTURE ADVANCES** In addition to the Note, this Deed of Trust secures all future advances made by Lender to Grantor whether or not the advances are made pursuant to a commitment  Specifically, without limitation, this Deed of Trust secures, in addition to the amounts specified in the Note, all future amounts Lender in its discretion may loan to Grantor, together with all interest thereon

Grantor presently assigns to Lender (also known as Beneficiary in this Deed of Trust) all of Grantor's right, title, and interest in and to all present and future leases of the Property and all Rents from the Property  In addition, Grantor grants to Lender a Uniform Commercial Code security interest in the Personal Property and Rents

**THIS DEED OF TRUST, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY, IS GIVEN TO SECURE   (A)   PAYMENT OF THE INDEBTEDNESS AND  (B)  PERFORMANCE OF ANY AND ALL OBLIGATIONS UNDER THE NOTE, THE RELATED DOCUMENTS, AND THIS DEED OF TRUST   THIS DEED OF TRUST IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS**

**PAYMENT AND PERFORMANCE** Except as otherwise provided in this Deed of Trust, Grantor shall pay to Lender all amounts secured by this Deed of Trust as they become due, and shall strictly and in a timely manner perform all of Grantor's obligations under the Note, this Deed of Trust, and the Related Documents

**POSSESSION AND MAINTENANCE OF THE PROPERTY** Grantor agrees that Grantor's possession and use of the Property shall be governed by the following provisions

   **Possession and Use** Until the occurrence of an Event of Default, Grantor may  (1)  remain in possession and control of the Property, (2) use, operate or manage the Property, and (3) collect the Rents from the Property

   **Duty to Maintain** Grantor shall maintain the Property in good condition and promptly perform all repairs, replacements, and maintenance necessary to preserve its value

   **Compliance With Environmental Laws** Grantor represents and warrants to Lender that  (1)  During the period of Grantor's ownership of the Property, there has been no use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance by any person on, under, about or from the Property,  (2)  Grantor has no knowledge of, or reason to believe that there has been, except as previously disclosed to and acknowledged by Lender in writing,  (a)  any breach or violation of any Environmental Laws,  (b)  any use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance on, under, about or from the Property by any prior owners or occupants of the Property, or  (c)  any actual or threatened litigation or claims of any kind by any person relating to such matters, and  (3)  Except as previously disclosed to and acknowledged by Lender in writing,  (a)  neither Grantor nor any tenant, contractor, agent or other authorized user of the Property shall use, generate, manufacture, store, treat, dispose of or release any Hazardous Substance on, under, about or from the Property, and  (b)  any such activity shall be conducted in compliance with all applicable federal, state, and local laws, regulations and ordinances, including without limitation all Environmental Laws  Grantor authorizes Lender and its agents to enter upon the Property to make such inspections and tests, at Grantor's expense, as Lender may deem appropriate to determine compliance of the Property with this section of the Deed of Trust  Any inspections or tests made by Lender shall be for Lender's purposes only and shall not be construed to create any responsibility or liability on the part of Lender to Grantor or to any other person  The representations and warranties contained herein are based on Grantor's due diligence in investigating the Property for Hazardous Substances  Grantor hereby (1) releases and waives any future claims against Lender for indemnity or contribution in the event Grantor becomes liable for cleanup or other costs under any such laws, and (2) agrees to indemnify, defend, and hold harmless Lender against any and all claims, losses, liabilities, damages, penalties, and expenses which Lender may directly or indirectly sustain or suffer resulting from a breach of this section of the Deed of Trust or as a consequence of any use, generation, manufacture, storage, disposal, release or threatened release occurring prior to Grantor's ownership or interest in the Property, whether or not the same was or should have been known to Grantor  The provisions of this section of the Deed of Trust, including the obligation to

## DEED OF TRUST
### (Continued)

indemnify and defend, shall survive the payment of the Indebtedness and the satisfaction and reconveyance of the lien of this Deed of Trust and shall not be affected by Lender's acquisition of any interest in the Property, whether by foreclosure or otherwise

**Nuisance, Waste** Grantor shall not cause, conduct or permit any nuisance nor commit, permit, or suffer any stripping of or waste on or to the Property or any portion of the Property Without limiting the generality of the foregoing, Grantor will not remove, or grant to any other party the right to remove, any timber, minerals (including oil and gas), coal, clay, scoria, soil, gravel or rock products without Lender's prior written consent

**Removal of Improvements** Grantor shall not demolish or remove any Improvements from the Real Property without Lender's prior written consent As a condition to the removal of any Improvements, Lender may require Grantor to make arrangements satisfactory to Lender to replace such Improvements with Improvements of at least equal value

**Lender's Right to Enter** Lender and Lender's agents and representatives may enter upon the Real Property at all reasonable times to attend to Lender's interests and to inspect the Real Property for purposes of Grantor's compliance with the terms and conditions of this Deed of Trust

**Compliance with Governmental Requirements** Grantor shall promptly comply with all laws, ordinances, and regulations, now or hereafter in effect, of all governmental authorities applicable to the use or occupancy of the Property Grantor may contest in good faith any such law, ordinance, or regulation and withhold compliance during any proceeding, including appropriate appeals, so long as Grantor has notified Lender in writing prior to doing so and so long as, in Lender's sole opinion, Lender's interests in the Property are not jeopardized Lender may require Grantor to post adequate security or a surety bond, reasonably satisfactory to Lender, to protect Lender's interest

**Duty to Protect** Grantor agrees neither to abandon or leave unattended the Property Grantor shall do all other acts, in addition to those acts set forth above in this section, which from the character and use of the Property are reasonably necessary to protect and preserve the Property

**DUE ON SALE - CONSENT BY LENDER** Lender may, at Lender's option, declare immediately due and payable all sums secured by this Deed of Trust upon the sale or transfer, without Lender's prior written consent, of all or any part of the Real Property, or any interest in the Real Property A "sale or transfer" means the conveyance of Real Property or any right, title or interest in the Real Property, whether legal, beneficial or equitable, whether voluntary or involuntary, whether by outright sale, deed, installment sale contract, land contract, contract for deed, leasehold interest with a term greater than three (3) years, lease-option contract, or by sale, assignment, or transfer of any beneficial interest in or to any land trust holding title to the Real Property, or by any other method of conveyance of an interest in the Real Property However, this option shall not be exercised by Lender if such exercise is prohibited by federal law or by Mississippi law

**TAXES AND LIENS** The following provisions relating to the taxes and liens on the Property are part of this Deed of Trust

**Payment** Grantor shall pay when due (and in all events prior to delinquency) all taxes, special taxes, assessments, charges (including water and sewer), fines and impositions levied against or on account of the Property, and shall pay when due all claims for work done on or for services rendered or material furnished to the Property Grantor shall maintain the Property free of all liens having priority over or equal to the interest of Lender under this Deed of Trust, except for the lien of taxes and assessments not due and except as otherwise provided in this Deed of Trust

**Right to Contest** Grantor may withhold payment of any tax, assessment, or claim in connection with a good faith dispute over the obligation to pay, so long as Lender's interest in the Property is not jeopardized If a lien arises or is filed as a result of nonpayment, Grantor shall within fifteen (15) days after the lien arises or, if a lien is filed, within fifteen (15) days after Grantor has notice of the filing, secure the discharge of the lien, or if requested by Lender, deposit with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender in an amount sufficient to discharge the lien plus any costs and attorneys' fees, or other charges that could accrue as a result of a foreclosure or sale under the lien In any contest, Grantor shall defend itself and Lender and shall satisfy any adverse judgment before enforcement against the Property Grantor shall name Lender as an additional obligee under any surety bond furnished in the contest proceedings

**Evidence of Payment** Grantor shall upon demand furnish to Lender satisfactory evidence of payment of the taxes or assessments and shall authorize the appropriate governmental official to deliver to Lender at any time a written statement of the taxes and assessments against the Property

**Notice of Construction** Grantor shall notify Lender at least fifteen (15) days before any work is commenced, any services are furnished, or any materials are supplied to the Property, if any mechanic's lien, materialmen's lien, or other lien could be asserted on account of the work, services, or materials and the cost exceeds $5000 Grantor will upon request of Lender furnish to Lender advance assurances satisfactory to Lender that Grantor can and will pay the cost of such

**DEED OF TRUST**
**(Continued)**

improvements

**PROPERTY DAMAGE INSURANCE**   The following provisions relating to insuring the Property are a part of this Deed of Trust

**Maintenance of Insurance**   Grantor shall procure and maintain policies of fire insurance with standard extended coverage endorsements on a replacement basis for the full insurable value covering all Improvements on the Real Property in an amount sufficient to avoid application of any coinsurance clause, and with a standard mortgagee clause in favor of Lender, together with such other hazard and liability insurance as Lender may reasonably require   Policies shall be written in form, amounts, coverages and basis reasonably acceptable to Lender and issued by a company or companies reasonably acceptable to Lender   Grantor, upon request of Lender, will deliver to Lender from time to time the policies or certificates of insurance in form satisfactory to Lender, including stipulations that coverages will not be cancelled or diminished without at least thirty (30) days prior written notice to Lender   Each insurance policy also shall include an endorsement providing that coverage in favor of Lender will not be impaired in any way by any act, omission or default of Grantor or any other person   Should the Real Property be located in an area designated by the Administrator of the Federal Emergency Management Agency as a special flood hazard area, Grantor agrees to obtain and maintain Federal Flood Insurance, if available, within 45 days after notice is given by Lender that the Property is located in a special flood hazard area, for the full unpaid principal balance of the loan and any prior liens on the property securing the loan, up to the maximum policy limits set under the National Flood Insurance Program, or as otherwise required by Lender, and to maintain such insurance for the term of the loan

**Application of Proceeds**   Grantor shall promptly notify Lender of any loss or damage to the Property if the estimated cost of repair or replacement exceeds $1000   Lender may make proof of loss if Grantor fails to do so within fifteen (15) days of the casualty   Whether or not Lender's security is impaired, Lender may, at Lender's election, receive and retain the proceeds of any insurance and apply the proceeds to the reduction of the Indebtedness, payment of any lien affecting the Property, or the restoration and repair of the Property   If Lender elects to apply the proceeds to restoration and repair, Grantor shall repair or replace the damaged or destroyed Improvements in a manner satisfactory to Lender   Lender shall, upon satisfactory proof of such expenditure, pay or reimburse Grantor from the proceeds for the reasonable cost of repair or restoration if Grantor is not in default under this Deed of Trust   Any proceeds which have not been disbursed within 180 days after their receipt and which Lender has not committed to the repair or restoration of the Property shall be used first to pay any amount owing to Lender under this Deed of Trust, then to pay accrued interest, and the remainder, if any, shall be applied to the principal balance of the Indebtedness   If Lender holds any proceeds after payment in full of the Indebtedness, such proceeds shall be paid to Grantor as Grantor's interests may appear

**LENDER'S EXPENDITURES**   If Grantor fails   (A)   to keep the Property free of all taxes, liens, security interests, encumbrances, and other claims,   (B)   to provide any required insurance on the Property, or (C)   to make repairs to the Property then Lender may do so   If any action or proceeding is commenced that would materially affect Lender's interests in the Property, then Lender on Grantor's behalf may, but is not required to, take any action that Lender believes to be appropriate to protect Lender's interests All expenses incurred or paid by Lender for such purposes will then bear interest at the rate charged under the Note from the date incurred or paid by Lender to the date of repayment by Grantor   All such expenses will become a part of the Indebtedness and, at Lender's option, will   (A)   be payable on demand,   (B)   be added to the balance of the Note and be apportioned among and be payable with any installment payments to become due during either   (1)   the term of any applicable insurance policy, or (2)   the remaining term of the Note, or   (C)   be treated as a balloon payment which will be due and payable at the Note's maturity   The Deed of Trust also will secure payment of these amounts   The rights provided for in this paragraph shall be in addition to any other rights or any remedies to which Lender may be entitled on account of any default   Any such action by Lender shall not be construed as curing the default so as to bar Lender from any remedy that it otherwise would have had

**WARRANTY, DEFENSE OF TITLE**   The following provisions relating to ownership of the Property are a part of this Deed of Trust

**Title**   Grantor warrants that   (a) Grantor holds good and marketable title of record to the Property in fee simple, free and clear of all liens and encumbrances other than those set forth in the Real Property description or in any title insurance policy, title report, or final title opinion issued in favor of, and accepted by, Lender in connection with this Deed of Trust, and   (b) Grantor has the full right, power, and authority to execute and deliver this Deed of Trust to Lender

**Defense of Title**   Subject to the exception in the paragraph above, Grantor warrants and will forever defend the title to the Property against the lawful claims of all persons   In the event any action or proceeding is commenced that questions Grantor's title or the interest of Trustee or Lender under this Deed of Trust, Grantor shall defend the action at Grantor's expense   Grantor may be the nominal party in such proceeding, but Lender shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of Lender's own choice, and Grantor will

**DEED OF TRUST**
**(Continued)**                                                                              Page 5

deliver, or cause to be delivered, to Lender such instruments as Lender may request from time to time to permit such participation

**Compliance With Laws**   Grantor warrants that the Property and Grantor's use of the Property complies with all existing applicable laws, ordinances, and regulations of governmental authorities

**Survival of Promises**   All promises, agreements, and statements Grantor has made in this Deed of Trust shall survive the execution and delivery of this Deed of Trust, shall be continuing in nature and shall remain in full force and effect until such time as Grantor's Indebtedness is paid in full

**CONDEMNATION**   The following provisions relating to condemnation proceedings are a part of this Deed of Trust

**Proceedings**   If any proceeding in condemnation is filed, Grantor shall promptly notify Lender in writing, and Grantor shall promptly take such steps as may be necessary to defend the action and obtain the award   Grantor may be the nominal party in such proceeding, but Lender shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of its own choice, and Grantor will deliver or cause to be delivered to Lender such instruments and documentation as may be requested by Lender from time to time to permit such participation

**Application of Net Proceeds**   If all or any part of the Property is condemned by eminent domain proceedings or by any proceeding or purchase in lieu of condemnation, Lender may at its election require that all or any portion of the net proceeds of the award be applied to the Indebtedness or the repair or restoration of the Property   The net proceeds of the award shall mean the award after payment of all reasonable costs, expenses, and attorneys' fees incurred by Trustee or Lender in connection with the condemnation

**IMPOSITION OF TAXES, FEES AND CHARGES BY GOVERNMENTAL AUTHORITIES**   The following provisions relating to governmental taxes, fees and charges are a part of this Deed of Trust

**Current Taxes, Fees and Charges**   Upon request by Lender, Grantor shall execute such documents in addition to this Deed of Trust and take whatever other action is requested by Lender to perfect and continue Lender's lien on the Real Property   Grantor shall reimburse Lender for all taxes, as described below, together with all expenses incurred in recording, perfecting or continuing this Deed of Trust, including without limitation all taxes, fees, documentary stamps, and other charges for recording or registering this Deed of Trust

**Taxes**   The following shall constitute taxes to which this section applies   (1)  a specific tax upon this type of Deed of Trust or upon all or any part of the Indebtedness secured by this Deed of Trust,   (2)  a specific tax on Grantor which Grantor is authorized or required to deduct from payments on the Indebtedness secured by this type of Deed of Trust,   (3)  a tax on this type of Deed of Trust chargeable against the Lender or the holder of the Note, and  (4)  a specific tax on all or any portion of the Indebtedness or on payments of principal and interest made by Grantor

**Subsequent Taxes**   If any tax to which this section applies is enacted subsequent to the date of this Deed of Trust, this event shall have the same effect as an Event of Default, and Lender may exercise any or all of its available remedies for an Event of Default as provided below unless Grantor either (1)  pays the tax before it becomes delinquent, or  (2)  contests the tax as provided above in the Taxes and Liens section and deposits with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender

**SECURITY AGREEMENT, FINANCING STATEMENTS**   The following provisions relating to this Deed of Trust as a security agreement are a part of this Deed of Trust

**Security Agreement**   This instrument shall constitute a Security Agreement to the extent any of the Property constitutes fixtures, and Lender shall have all of the rights of a secured party under the Uniform Commercial Code as amended from time to time

**Security Interest**   Upon request by Lender, Grantor shall take whatever action is requested by Lender to perfect and continue Lender's security interest in the Personal Property   In addition to recording this Deed of Trust in the real property records, Lender may, at any time and without further authorization from Grantor, file executed counterparts, copies or reproductions of this Deed of Trust as a financing statement   Grantor shall reimburse Lender for all expenses incurred in perfecting or continuing this security interest   Upon default, Grantor shall not remove, sever or detach the Personal Property from the Property   Upon default, Grantor shall assemble any Personal Property not affixed to the Property in a manner and at a place reasonably convenient to Grantor and Lender and make it available to Lender within three (3) days after receipt of written demand from Lender to the extent permitted by applicable law

**Addresses**   The mailing addresses of Grantor (debtor) and Lender (secured party) from which information concerning the security interest granted by this Deed of Trust may be obtained (each as required by the Uniform Commercial Code) are as stated on the first page of this Deed of Trust

**FURTHER ASSURANCES, ATTORNEY-IN-FACT**   The following provisions relating to further assurances and attorney-in-fact are a part of this Deed of Trust

## DEED OF TRUST
### (Continued)

**Further Assurances**   At any time, and from time to time, upon request of Lender, Grantor will make, execute and deliver, or will cause to be made, executed or delivered, to Lender or to Lender's designee, and when requested by Lender, cause to be filed, recorded, refiled, or rerecorded, as the case may be, at such times and in such offices and places as Lender may deem appropriate, any and all such mortgages, deeds of trust, security deeds, security agreements, financing statements, continuation statements, instruments of further assurance, certificates, and other documents as may, in the sole opinion of Lender, be necessary or desirable in order to effectuate, complete, perfect, continue, or preserve (1) Grantor's obligations under the Note, this Deed of Trust, and the Related Documents, and (2) the liens and security interests created by this Deed of Trust as first and prior liens on the Property, whether now owned or hereafter acquired by Grantor   Unless prohibited by law or Lender agrees to the contrary in writing, Grantor shall reimburse Lender for all costs and expenses incurred in connection with the matters referred to in this paragraph

**Attorney-in-Fact**   If Grantor fails to do any of the things referred to in the preceding paragraph, Lender may do so for and in the name of Grantor and at Grantor's expense   For such purposes, Grantor hereby irrevocably appoints Lender as Grantor's attorney-in-fact for the purpose of making, executing, delivering, filing, recording, and doing all other things as may be necessary or desirable, in Lender's sole opinion, to accomplish the matters referred to in the preceding paragraph

**FULL PERFORMANCE**   If Grantor pays all the Indebtedness, including without limitation all future advances, when due, and otherwise performs all the obligations imposed upon Grantor under this Deed of Trust, Lender shall execute and deliver to Trustee a request for full reconveyance and shall execute and deliver to Grantor suitable statements of termination of any financing statement on file evidencing Lender's security interest in the Rents and the Personal Property   Any reconveyance fee required by law shall be paid by Grantor, if permitted by applicable law

**DEFAULT**   At Lender's option, Grantor will be in default under this Deed of Trust if any of the following happen

**Fraud or Material Misrepresentation**   Grantor commits fraud or material misrepresentation in connection with the terms of the Note

**Payment Default**   Grantor fails to meet the repayment terms of the Note for any outstanding balance

**Other Defaults**   Grantor's act or failure to act adversely affects Lender's security interest in the Property, or any right of Lender's in such security

**Right to Cure**   If any default, other than a default in payment is curable and if Grantor has not been given a notice of a breach of the same provision of this Deed of Trust within the preceding twelve (12) months, it may be cured if Grantor, after Lender sends written notice to Grantor demanding cure of such default (1) cures the default within fifteen (15) days, or (2) if the cure requires more than fifteen (15) days, immediately initiates steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical

**RIGHTS AND REMEDIES ON DEFAULT**   If an Event of Default occurs under this Deed of Trust, at any time thereafter, Trustee or Lender may exercise any one or more of the following rights and remedies

**Election of Remedies**   All of Lender's rights and remedies will be cumulative and may be exercised alone or together   An election by Lender to choose any one remedy will not bar Lender from using any other remedy   If Lender decides to spend money or to perform any of Grantor's obligations under this Deed of Trust, after Grantor's failure to do so, that decision by Lender will not affect Lender's right to declare Grantor in default and to exercise Lender's remedies

**Accelerate Indebtedness**   Lender shall have the right at its option without notice to Grantor to declare the entire Indebtedness immediately due and payable, including any prepayment penalty which Grantor would be required to pay

**Sale of Property**   Grantor waives the provisions of Section 89-1-55, Mississippi Code of 1972, as amended, and any successor provisions, as far as said Section restricts the right of Trustee to offer at sale more than one hundred and sixty acres at a time, and Trustee may offer the Property as a whole or in part and in such order as the Trustee may deem best, regardless of the manner in which it may be described

**Foreclosure**   With respect to all or any part of the Real Property, the Trustee shall, at the request of Lender, sell the Real Property after giving notice of the time, place and terms of sale as required by Section 89-1-55 of the Mississippi Code of 1972, as amended, and any successor provisions, and execute a deed to the purchaser of the Real Property   Out of the proceeds arising from the sale, the costs and expenses of executing this Deed of Trust, including a reasonable Trustee's fee and the attorneys' fees prescribed in the Note or in this Deed of Trust, shall first be paid, next the amount of the Indebtedness then remaining unpaid shall be paid, and, lastly, any balance remaining shall be paid to Grantor or to Grantor's representatives agents or assigns

**DEED OF TRUST**
**(Continued)**

**UCC Remedies** With respect to all or any part of the Personal Property, Lender shall have all the rights and remedies of a secured party under the Uniform Commercial Code

**Collect Rents** Lender shall have the right, without notice to Grantor to take possession of and manage the Property and collect the Rents, including amounts past due and unpaid, and apply the net proceeds, over and above Lender's costs, against the Indebtedness In furtherance of this right, Lender may require any tenant or other user of the Property to make payments of rent or use fees directly to Lender If the Rents are collected by Lender, then Grantor irrevocably designates Lender as Grantor's attorney-in-fact to endorse instruments received in payment thereof in the name of Grantor and to negotiate the same and collect the proceeds Payments by tenants or other users to Lender in response to Lender's demand shall satisfy the obligations for which the payments are made, whether or not any proper grounds for the demand existed Lender may exercise its rights under this subparagraph either in person, by agent, or through a receiver

**Appoint Receiver** Lender shall have the right to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the Indebtedness The receiver may serve without bond if permitted by law Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the Indebtedness by a substantial amount Employment by Lender shall not disqualify a person from serving as a receiver

**Tenancy at Sufferance** If Grantor remains in possession of the Property after the Property is sold as provided above or Lender otherwise becomes entitled to possession of the Property upon default of Grantor, Grantor shall become a tenant at sufferance of Lender or the purchaser of the Property and shall, at Lender's option, either (1) pay a reasonable rental for the use of the Property, or (2) vacate the Property immediately upon the demand of Lender

**Other Remedies** Trustee or Lender shall have any other right or remedy provided in this Deed of Trust or the Note or available at law or in equity

**Notice of Sale** Lender shall give Grantor reasonable notice of the time and place of any public sale of the Personal Property or of the time after which any private sale or other intended disposition of the Personal Property is to be made Reasonable notice shall mean notice given at least ten (10) days before the time of the sale or disposition Any sale of the Personal Property may be made in conjunction with any sale of the Real Property

**Sale of the Property** To the extent permitted by applicable law, Grantor hereby waives any and all rights to have the Property marshalled In exercising its rights and remedies, the Trustee or Lender shall be free to sell all or any part of the Property together or separately, in one sale or by separate sales Lender shall be entitled to bid at any public sale on all or any portion of the Property

**Attorneys' Fees, Expenses** If Lender institutes any suit or action to enforce any of the terms of this Deed of Trust, Lender shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest at the Note rate from the date of the expenditure until repaid Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, and appraisal fees, title insurance, and fees for the Trustee, to the extent permitted by applicable law Grantor also will pay any court costs, in addition to all other sums provided by law

**Rights of Trustee** Trustee shall have all of the rights and duties of Lender as set forth in this section

**POWERS AND OBLIGATIONS OF TRUSTEE** The following provisions relating to the powers and obligations of Trustee are part of this Deed of Trust

**Powers of Trustee** In addition to all powers of Trustee arising as a matter of law, Trustee shall have the power to take the following actions with respect to the Property upon the written request of Lender and Grantor (a) join in preparing and filing a map or plat of the Real Property, including the dedication of streets or other rights to the public, (b) join in granting any easement or creating any restriction on the Real Property, and (c) join in any subordination or other agreement affecting this Deed of Trust or the interest of Lender under this Deed of Trust

**Obligations to Notify** Trustee shall not be obligated to notify any other party of a pending sale under any other trust deed or lien, or of any action or proceeding in which Grantor, Lender, or Trustee shall be a party, unless the action or proceeding is brought by Trustee

## DEED OF TRUST
### (Continued)

**Trustee** Trustee shall meet all qualifications required for Trustee under applicable law In addition to the rights and remedies set forth above, with respect to all or any part of the Property, the Trustee shall have the right to foreclose by notice and sale, and Lender will have the right to foreclose by judicial foreclosure, in either case in accordance with and to the full extent provided by applicable law

**Successor Trustee** Lender, at Lender's option, may from time to time appoint a successor Trustee to any Trustee appointed under this Deed of Trust by an instrument executed and acknowledged by Lender and recorded in the office of the recorder of MARSHALL County, State of Mississippi The instrument shall contain, in addition to all other matters required by state law, the names of the original Lender, Trustee, and Grantor, the book and page where this Deed of Trust is recorded, and the name and address of the successor trustee, and the instrument shall be executed and acknowledged by Lender or its successors in interest The successor trustee, without conveyance of the Property, shall succeed to all the title, power, and duties conferred upon the Trustee in this Deed of Trust and by applicable law This procedure for substitution of Trustee shall govern to the exclusion of all other provisions for substitution

**NOTICES** Any notice required to be given under this Deed of Trust, including without limitation any notice of default and any notice of sale shall be given in writing, and shall be effective when actually delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Deed of Trust All copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust shall be sent to Lender's address, as shown near the beginning of this Deed of Trust Any person may change his or her address for notices under this Deed of Trust by giving formal written notice to the other person or persons, specifying that the purpose of the notice is to change the person's address For notice purposes, Grantor agrees to keep Lender informed at all times of Grantor's current address Unless otherwise provided or required by law, if there is more than one Grantor, any notice given by Lender to any Grantor is deemed to be notice given to all Grantors It will be Grantor's responsibility to tell the others of the notice from Lender

**MISCELLANEOUS PROVISIONS** The following miscellaneous provisions are a part of this Deed of Trust

**Amendments** What is written in this Deed of Trust and in the Related Documents is Grantor's entire agreement with Lender concerning the matters covered by this Deed of Trust To be effective, any change or amendment to this Deed of Trust must be in writing and must be signed by whoever will be bound or obligated by the change or amendment

**Caption Headings** Caption headings in this Deed of Trust are for convenience purposes only and are not to be used to interpret or define the provisions of this Deed of Trust

**Merger** There shall be no merger of the interest or estate created by this Deed of Trust with any other interest or estate in the Property at any time held by or for the benefit of Lender in any capacity, without the written consent of Lender

**Governing Law** This Deed of Trust will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Mississippi without regard to its conflicts of law provisions This Deed of Trust has been accepted by Lender in the State of Mississippi

**Choice of Venue** If there is a lawsuit, Grantor agrees upon Lender's request to submit to the jurisdiction of the courts of Marshall County, State of Mississippi

**Joint and Several Liability** All obligations of Grantor under this Deed of Trust shall be joint and several, and all references to Grantor shall mean each and every Grantor This means that each Grantor signing below is responsible for all obligations in this Deed of Trust

**No Waiver by Lender** Grantor understands Lender will not give up any of Lender's rights under this Deed of Trust unless Lender does so in writing The fact that Lender delays or omits to exercise any right will not mean that Lender has given up that right If Lender does agree in writing to give up one of Lender's rights, that does not mean Grantor will not have to comply with the other provisions of this Deed of Trust Grantor also understands that if Lender does consent to a request, that does not mean that Grantor will not have to get Lender's consent again if the situation happens again Grantor further understands that just because Lender consents to one or more of Grantor's requests, that does not mean Lender will be required to consent to any of Grantor's future requests Grantor waives presentment, demand for payment, protest, and notice of dishonor

**Severability** If a court finds that any provision of this Deed of Trust is not valid or should not be enforced, that fact by itself will not mean that the rest of this Deed of Trust will not be valid or enforced Therefore, a court will enforce the rest of the provisions of this Deed of Trust even if a provision of this Deed of Trust may be found to be invalid or unenforceable

**DEED OF TRUST**
**(Continued)**                                                                    Page 9

**Successors and Assigns**    Subject to any limitations stated in this Deed of Trust on transfer of Grantor's interest, this Deed of Trust shall be binding upon and inure to the benefit of the parties, their successors and assigns    If ownership of the Property becomes vested in a person other than Grantor, Lender, without notice to Grantor, may deal with Grantor's successors with reference to this Deed of Trust and the Indebtedness by way of forbearance or extension without releasing Grantor from the obligations of this Deed of Trust or liability under the Indebtedness

**Time is of the Essence**    Time is of the essence in the performance of this Deed of Trust

**Waiver of Homestead Exemption**    Grantor hereby releases and waives all rights and benefits of the homestead exemption laws of the State of Mississippi as to all Indebtedness secured by this Deed of Trust

**DEFINITIONS**    The following words shall have the following meanings when used in this Deed of Trust

**Beneficiary**    The word "Beneficiary" means BANK OF HOLLY SPRINGS, and its successors and assigns

**Borrower**    The word "Borrower" means Darian Jones and Sandra K    Jones and includes all co-signers and co-makers signing the Note and all their successors and assigns

**Deed of Trust**    The words "Deed of Trust" mean this Deed of Trust among Grantor, Lender, and Trustee, and includes without limitation all assignment and security interest provisions relating to the Personal Property and Rents

**Environmental Laws**    The words "Environmental Laws" mean any and all state, federal and local statutes, regulations and ordinances relating to the protection of human health or the environment, including without limitation the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U S C  Section 9601, et seq  ("CERCLA"), the Superfund Amendments and Reauthorization Act of 1986, Pub  L  No  99-499 ("SARA"), the Hazardous Materials Transportation Act, 49 U S C  Section 1801, et seq , the Resource Conservation and Recovery Act, 42 U S C  Section 6901, et seq , or other applicable state or federal laws, rules, or regulations adopted pursuant thereto

**Event of Default**    The words "Event of Default" mean any of the events of default set forth in this Deed of Trust in the events of default section of this Deed of Trust

**Grantor**    The word "Grantor" means Darian Jones and Sandra K   Jones

**Hazardous Substances**    The words "Hazardous Substances" mean materials that, because of their quantity, concentration or physical, chemical or infectious characteristics, may cause or pose a present or potential hazard to human health or the environment when improperly used, treated, stored, disposed of, generated, manufactured, transported or otherwise handled    The words "Hazardous Substances" are used in their very broadest sense and include without limitation any and all hazardous or toxic substances, materials or waste as defined by or listed under the Environmental Laws    The term "Hazardous Substances" also includes, without limitation, petroleum and petroleum by-products or any fraction thereof and asbestos

**Improvements**    The word "Improvements" means all existing and future improvements, buildings, structures, mobile homes affixed on the Real Property, facilities, additions, replacements and other construction on the Real Property

**Indebtedness**    The word "Indebtedness" means all principal, interest, and other amounts, costs and expenses payable under the Note or Related Documents, together with all renewals of, extensions of, modifications of, consolidations of and substitutions for the Note or Related Documents and any amounts expended or advanced by Lender to discharge Grantor's obligations or expenses incurred by Trustee or Lender to enforce Grantor's obligations under this Deed of Trust, together with interest on such amounts as provided in this Deed of Trust    Specifically, without limitation, Indebtedness includes the future advances set forth in the Future Advances provision, together with all interest thereon and all amounts that may be indirectly secured by the Cross-Collateralization provision of this Deed of Trust

**Lender**    The word "Lender" means BANK OF HOLLY SPRINGS, its successors and assigns    The words "successors or assigns" mean any person or company that acquires any interest in the Note

**Note**    The word "Note" means the promissory note dated August 27, 2014, in the original principal amount of $60,609 05 from Grantor to Lender, together with all renewals of, extensions of, modifications of, refinancings of, consolidations of, and substitutions for the promissory note or agreement    The maturity date of the Note is August 27, 2029  NOTICE TO GRANTOR  THE NOTE CONTAINS A VARIABLE INTEREST RATE

**Personal Property**    The words "Personal Property" mean all equipment, fixtures, and other articles of personal property now or hereafter owned by Grantor, and now or hereafter attached or affixed

## DEED OF TRUST
### (Continued)

Page 10

to the Real Property, together with all accessions, parts, and additions to, all replacements of, and all substitutions for, any of such property, and together with all proceeds (including without limitation all insurance proceeds and refunds of premiums) from any sale or other disposition of the Property

**Property**   The word "Property" means collectively the Real Property and the Personal Property

**Real Property**   The words "Real Property" mean the real property, interests and rights, as further described in this Deed of Trust

**Related Documents**   The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, environmental agreements, guaranties, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness

**Rents**   The word "Rents" means all present and future rents, revenues, income, issues, royalties, profits, and other benefits derived from the Property

**Trustee**   The word "Trustee" means William F Schneller, whose address is 126 N Spring Street, Holly Springs, MS 38635 and any substitute or successor trustees

**EACH GRANTOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS DEED OF TRUST, AND EACH GRANTOR AGREES TO ITS TERMS**

**GRANTOR**

X _____
Darian Jones

X _____
Sandra K Jones


## INDIVIDUAL ACKNOWLEDGMENT

STATE OF _____   )

COUNTY OF _____   ) SS
                                    )

Personally appeared before me, the undersigned authority in and for the said County and State, on this _____ day of _____, 20 __, within my jurisdiction, the within named Darian Jones and Sandra K Jones, who acknowledged that they signed, executed and delivered the above and foregoing Deed of Trust for the purposes mentioned on the day and year therein mentioned

_____
NOTARY PUBLIC

My Commission Expires

_____

Originator Names and Nationwide Mortgage Licensing System and Registry IDs

Organization  BANK OF HOLLY SPRINGS          NMLSR ID  764495

Individual  LEXINE SMITH                     NMLSR ID  806240

LaserPro, Ver 14 3 0 016  Copr  D+H USA Corporation 1997, 2014   All Rights Reserved   - MS
C \HFS\CFI\LPL\G01 FC  TR-10047912  PR-54

B2400B (Form B2400B) (12/15)

# UNITED STATES BANKRUPTCY COURT
NORTHERN **District of** MISSISSIPPI

In re SANDRA JONES & DARIAN JONES ,
*Debtor*

Case No. 17-10337

Chapter 7

## MOTION FOR APPROVAL OF REAFFIRMATION AGREEMENT

I (we), the debtor(s), affirm the following to be true and correct:

I am not represented by an attorney in connection with this reaffirmation agreement.

I believe this reaffirmation agreement is in my best interest based on the income and expenses I have disclosed in my Statement in Support of Reaffirmation Agreement, and because *(provide any additional relevant reasons the court should consider)*:

Therefore, I ask the court for an order approving this reaffirmation agreement under the following provisions *(check all applicable boxes)*:

☐ 11 U.S.C. § 524(c)(6) (debtor is not represented by an attorney during the course of the negotiation of the reaffirmation agreement)

☐ 11 U.S.C. § 524(m) (presumption of undue hardship has arisen because monthly expenses exceed monthly income, as explained in Part II of Form B2400A, Reaffirmation Documents)

Signed: _____
*(Debtor)*

_____
*(Joint Debtor, if any)*

Date: 3/2/17

B2400C (Form B2400C) (12/15)

# United States Bankruptcy Court

NORTHERN _____ District of _____ MISSISSIPPI _____

In re SANDRA JONES & DARIAN JONES _____,      Case No. _17-10337_____
                    Debtor                                    Chapter ___7___

## ORDER ON REAFFIRMATION AGREEMENT

    The debtor(s) SANDRA JONES & DARIAN JONES _____ has (have) filed a motion for approval of the reaffirmation agreement dated _____ made between the debtor(s) and creditor _BANK OF HOLLY SPRINGS_____. The court held the hearing required by 11 U.S.C. § 524(d) on notice to the debtor(s) and the creditor on _____ (date).

COURT ORDER:    ☐ The court grants the debtor's motion under 11 U.S.C. § 524(c)(6)(A) and approves the reaffirmation agreement described above as not imposing an undue hardship on the debtor(s) or a dependent of the debtor(s) and as being in the best interest of the debtor(s).

                ☐ The court grants the debtor's motion under 11 U.S.C. § 524(k)(8) and approves the reaffirmation agreement described above.

                ☐ The court does not disapprove the reaffirmation agreement under 11 U.S.C. § 524(m).

                ☐ The court disapproves the reaffirmation agreement under 11 U.S.C. § 524(m).

                ☐ The court does not approve the reaffirmation agreement.

BY THE COURT

Date: _____

_____
*United States Bankruptcy Judge*